**Hiskia BILLY; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–71233.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 5, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**694**

Gihan L. Thomas, Esquire, Law Offices of Gihan L. Thomas, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esquire, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM **

Hiskia Billy and his son, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their application for withholding of removal and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence findings of fact, see *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001), and we review de novo questions of law, see *Vasquez–Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We dismiss in part and deny in part the petition for review.

The BIA denied Billy's asylum application as time-barred. The petitioners do not challenge this finding in their opening brief.

Substantial evidence supports the BIA's denial of withholding of removal because the harassment the petitioners experienced on account of their Christian religion did not rise to the level of past persecution. See *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003) (holding that a life-time of harassment, threats, and a single beating did not constitute persecution). Furthermore, even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir.2004) applies to Indonesian Christians seeking withholding of removal, the petitioners have not demonstrated a clear probability of future persecution. See *Hoxha*, 319 F.3d at 1185. Substantial evidence also supports the BIA's denial because their similarly situated Christian cousins have remained in Indonesia without incident since 1999, see *Hakeem v. INS*, 273 F.3d

812, 816 (9th Cir.2001), and they have not shown it would be unreasonable to internally relocate, *see Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 999 (9th Cir.2003). Lastly, the petitioners did not establish that there is a pattern or practice of persecution of Christians in Indonesia. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–1181 (9th Cir.2007) (en banc).

■ Substantial evidence supports the BIA's denial of CAT because the petitioners did not demonstrate that it is more likely than not they will be tortured upon returning to Indonesia because they were never tortured in the past, and the record supports the BIA's finding that they could relocate to an area with less conflict. *See Singh v. Ashcroft,* 351 F.3d 435, 443 (9th Cir.2003).

We reject the petitioners' claim that the BIA violated their due process rights by failing to credit their testimony. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to establish a due process violation).

■ Finally, we lack jurisdiction to consider the petitioners' claim that the IJ violated their due process rights by not admitting an affidavit from their cousin, and refusing to allow the them to rehabilitate their testimony, because they did not exhaust this claim before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.